**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER S. DORSEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-05522** |
| | § | |
| **AVIS BUDGET GROUP d/b/a** | § | |
| **AB CAR RENTAL SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant AB Car Rental Services, Inc.[1] ("Defendant" or "Avis") files its Original Answer and Affirmative and Other Defenses to Plaintiff Christopher S. Dorsey's ("Plaintiff" or "Dorsey") Original Complaint ("Complaint").

**I.      PARTIES**

1.      Defendant admits that Plaintiff was employed by Defendant at certain times. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant admits that it is a for-profit corporation conducting business in the state of Texas at 7714 Airport Blvd., Houston, Texas 77061. Defendant further admits that it can be served through its Registered Agent, Corporation Service Company d/b/a CSC — Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, TX 78701. Except as expressly admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

---

[1] Plaintiff has incorrectly named Defendant as Avis Budget Group d/b/a AB Car Rental Services, Inc. Defendant's correct name is AB Car Rental Services, Inc. Accordingly, this Answer is being filed on behalf of AB Car Rental Services, Inc.

## II.     JURISDICTION AND VENUE

3.     Defendant admits that this Court has subject matter jurisdiction of this case under 28 U.S.C § 1331 because Plaintiff's claims arise under federal law. Defendant further admits that the dispute in this case is between citizens of different states. Defendant further admits that Plaintiff avers that the amount in controversy exceeds $75,000. Except as expressly admitted, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.     Defendant admits that venue is proper in this Court because Plaintiff alleges a substantial part of the events or omissions giving rise to his claims occurred in this District and Defendant maintains certain operations in this District. Except as expressly admitted, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant also admits that the EEOC issued a Determination and Notice of Rights (sometimes referred to as a right-to-sue letter) on August 21, 2025. Defendant further admits that Plaintiff filed this lawsuit within 90 days of the date of the EEOC's Determination and Notice of Rights.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 5 of the Complaint.

## III.     [ALLEGED] FACTUAL BACKGROUND

6.     Defendant admits that it hired Plaintiff in or around October 2024. Defendant further admits that Plaintiff has worked as a Service Agent at the William P. Hobby Airport location in Houston, Texas. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint.

8.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 8 of the Complaint because they are vague and ambiguous. To the extent

2

further response is required, Defendant denies the allegations in Paragraph 8 of the Complaint as stated.

9.      Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of the Complaint because they are vague and ambiguous, including specifically because they contain Plaintiff's subjective beliefs as to workplace conditions and unidentified "reports." To the extent further response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11 of the Complaint because it is vague and ambiguous as to the incident being described, including as to timeframe, an unidentified "manager," unidentified reports about alleged errors, and Plaintiff's subjective beliefs regarding the mental states of unidentified "supervisors and coworkers." To the extent further response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of the Complaint because the allegations related to the state of mind of a person named Cloe Ellis, her alleged interactions with Plaintiff, and medical diagnoses of Plaintiff. To the extent further response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of the Complaint. To the extent further response is required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff underwent certain medical evaluations and obtained medical referrals for potential treatment related to an alleged injury connected with a workers' compensation claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant is without sufficient information or knowledge to admit or deny the allegation in Paragraph 15 of the Complaint regarding his medical diagnoses and afflictions.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

## IV.     CAUSES OF ACTION

### COUNT ONE: [ALLEGED] DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE ( ADA)

20.     Defendant adopts and incorporates herein by reference the answers and responses in each of the preceding Paragraphs as if fully and completely set forth herein.

21.     Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 21 regarding Plaintiff's alleged injuries. To the extent any further response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     The allegation in paragraph 26 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in

Paragraph 26 of the Complaint.

## COUNT TWO: [ALLEGED] RETALIATION

27.     Defendant adopts and incorporates herein by reference the answers and responses in each of the preceding Paragraphs as if fully and completely set forth herein.

28.     The allegation in paragraph 28 of the Complaint calls for legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

## COUNT THREE: [ALLEGED] FAILURE TO PAY OVERTIME WAGES (FLSA)

32.     Defendant adopts and incorporates herein by reference the answers and responses in each of the preceding Paragraphs as if fully and completely set forth herein.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits that Plaintiff seeks recovery of unpaid overtime wages, liquidated damages, attorneys' fees, and costs as provided under 29 U.S.C. § 216(b). Defendant denies that Plaintiff is entitled to any such recovery.

## COUNT FOUR: [ALLEGED] WORKERS' COMPENSATION RETALIATION

37.     Defendant adopts and incorporates herein by reference the answers and responses in each of the preceding Paragraphs as if fully and completely set forth herein.

38.     Defendant admits that Plaintiff filed a workers' compensation claim. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in

Paragraph 38 regarding Plaintiff's alleged injuries and medical treatment. To the extent any further response is required, except as expressly admitted, Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    The allegation in paragraph 40 of the Complaint calls for legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant admits that Plaintiff seeks compensatory and exemplary damages. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 41, including specifically denying that Plaintiff is entitled to any recovery for any alleged damages.

## V.    [ALLEGED] DAMAGES

42.    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant admits that Plaintiff seeks actual, compensatory, punitive and liquidated damages, as well as attorneys' fees and costs. Defendant denies that Plaintiff is entitled to actual, compensatory, punitive, and liquidated damages, as well as attorneys' fees or to any other relief.

## VI.    [ALLEGED] REMEDIES

Defendant is not required to affirm or deny Plaintiff's relief requested in the Remedies paragraph but affirmatively states there are no grounds in fact or law that warrant the granting of the relief Plaintiff seeks in the Complaint.  To the extent further response is required, Defendant denies Plaintiff is entitled to any of the relief requested in the Remedies paragraph and its subparts, or any relief at all.

## VII.   JURY TRIAL DEMANDED

Defendant admits that Plaintiff makes a demand for a jury, but denies the allegations suggest that Plaintiff is entitled to a jury trial on any or all issues.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, or modified herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden. Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available. To the extent any defenses or legal theories may be interpreted as inconsistent, they are pled in the alternative.

## FIRST DEFENSE

Defendant pleads that Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Defendant pleads that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies.

## FOURTH DEFENSE

Defendant pleads that to the extent Plaintiff's claims and allegations of discrimination exceed the reasonable scope of any investigation of the applicable Charge of Discrimination filed with the Equal Employment Opportunity Commission and/or Texas Workforce Commission – Civil Rights Division, such claims and allegations are barred.

### FIFTH DEFENSE

Defendant pleads that the alleged adverse employment actions, if any, against Plaintiff were based on legitimate, nondiscriminatory, non-retaliatory factors, and were not based on Plaintiff's alleged disability or any other legally protected status.

### SIXTH DEFENSE

Defendant pleads that any employment actions allegedly taken against Plaintiff would have been the same in the absence of any allegedly impermissible factor(s).

### SEVENTH DEFENSE

Plaintiff fails to state a cause of action under Texas Labor Code Section 451.001 because he was not discharged or otherwise discriminated against because he notified Defendant of an on-the-job injury, requested medical attention, and/or initiated the filing of a workers' compensation claim in good faith.

### EIGHTH DEFENSE

Defendant pleads that Plaintiff has failed to mitigate his alleged damages, in whole or in part, and his alleged damages must be reduced by such failure.

### NINTH DEFENSE

Defendant pleads that it is entitled to an offset for any amount of Plaintiff's earning or other income during the alleged economic damages period and/or the amount by which Plaintiff should have earned had he not failed to mitigate his alleged damages.

### TENTH DEFENSE

Plaintiff may not recover lost wages and benefits for periods of time when he was physically unable to perform the essential functions of his job and/or was medically restricted from work.

**ELEVENTH DEFENSE**

Defendant pleads that Plaintiff's claims for compensatory and punitive damages, and other relief, are subject to the applicable statutory caps and limitations, including, but not limited to, the specific limitations on damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code at Sections 41.007 and 41.008 and the Due Process Clauses of the United States and/or Texas Constitution.

**TWELFTH DEFENSE**

Defendant pleads that Plaintiff did not engage in a legally protected activity. Defendant further pleads that Plaintiff cannot establish that any alleged protected activity Plaintiff purported to have engaged in was a motivating or contributing factor to any alleged adverse employment action taken against him.

**THIRTEENTH DEFENSE**

Defendant pleads that, assuming *arguendo* that an impermissible factor was a contributing factor in any alleged employment action, the same action would have been taken regardless of Plaintiff's alleged protected activity.

**FOURTEENTH DEFENSE**

Defendant pleads that Plaintiff cannot establish a causal link between any protected status, or any alleged protected activity, and any alleged adverse employment action.

**FIFTEENTH DEFENSE**

Defendant pleads that Defendant has widely disseminated anti-discrimination and anti-retaliation policies on which its employees are educated, and Defendant at all times acted in good faith and in compliance with its policies with respect to Plaintiff.

9

## SIXTEENTH DEFENSE

Defendant pleads that to the extent any of its employees engaged in any of the alleged unlawful conduct described in the Complaint, such actions were outside the course and scope of those employees' employment, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

## SEVENTEENTH DEFENSE

Defendant pleads that it exercised reasonable care to prevent and correct any alleged discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or otherwise avoid harm.

## EIGHTEENTH DEFENSE

Defendant pleads that Plaintiff did not communicate or make a request for accommodations, and further pleads that any accommodations requested by Plaintiff, if any, were not reasonable and/or posed an undue hardship on Defendant, as those concepts are defined under applicable law.

## NINETEENTH DEFENSE

Defendant pleads that Plaintiff cannot recover punitive or liquidated damages for any alleged discrimination or retaliation under applicable law, because such alleged discrimination or retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

## TWENTIETH DEFENSE

Defendant pleads that Plaintiff's claims should be barred, and any alleged damages should be offset, by the after-acquired evidence doctrine, as applicable.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

## TWENTY-SECOND DEFENSE

Plaintiff claims are barred, in whole or in part, to the extent that any activities that Plaintiff may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in any given workweek and, therefore, is not entitled to overtime under the FLSA.

## TWENTY-FOURTH DEFENSE

To the extent Defendant paid wages for work reported, but not performed by Plaintiff, Defendant is entitled to offset those amounts against sums that may be found due and owing, if any.

## TWENTY-FIFTH DEFENSE

Plaintiff has been paid and received all wages and all other compensation due to him by virtue of his employment with Defendant. All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

## TWENTY-SIXTH DEFENSE

The Complaint fails, in whole or in part, because Plaintiff has been fully paid all amounts legally owed by Defendant, and by accepting the payments made to him, he has effectuated an accord and satisfaction of his claims.

11

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to any recovery because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA.

## TWENTY-EIGHTH DEFENSE

Defendant pleads that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

***

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Dated January 30, 2026

Of Counsel:

M. Isabel Campos
State Bar No. 24138097
icampos@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Respectfully submitted,

/s/ *Luke C. MacDowall*
Luke C. MacDowall
State Bar No. 24104445
Federal ID No. 2983511
lmacdowall@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

**ATTORNEYS FOR DEFENDANT
AB CAR RENTAL SERVICES, INC.**


**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2026, a copy of the foregoing document has been electronically filed with the Court, and served on the following by CM/ECF:

Amy Carter
Taylor Jenkins
Carter Law Group, PC
351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
acarter@clgtrial.com
tjenkins@clgtrial.com

***Attorneys for Plaintiff***


/s/ *Luke C. MacDowall*
Luke C. MacDowall